# EXHIBIT A

## GENERAL RELEASE AND SETTLEMENT AGREEMENT

THIS GENERAL RELEASE AND SETTLEMENT AGREEMENT ("Agreement") is made and entered into by and between James Verigood ("Verigood") and Pinnacle X-Ray Solutions, Inc. ("Pinnacle" or "Releasee" as defined in paragraph 3).

## WITNESSETH

WHEREAS, Verigood filed a lawsuit against Defendants styled James Verigood v. Pinnacle X-Ray Solutions, Inc.; United States District Court; Northern District of Georgia; Atlanta Division, Civil Action #1:18-cv-00445-TWT, which is currently pending (the "Lawsuit"), alleging that Pinnacle violated the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 201 et seq.,

WHEREAS, Verigood alleges that he was previously employed by Pinnacle and not compensated for all hours worked and not paid overtime;

WHEREAS, Pinnacle denies that Verigood was not compensated for all hours worked and that he is entitled to overtime, and, therefore, denies any liability to Verigood;

WHEREAS, Pinnacle further denies all claims asserted by Verigood;

WHEREAS, Pinnacle has entered into this Agreement solely for the purpose of avoiding the burdens and expense of further legal proceedings, and the making of this Agreement is not intended to be, and shall not be construed, as an admission that Pinnacle or any other Releasee (as defined in paragraph 3) violated any federal, state, or local law (statutory or decisional), ordinance or regulation, or committed any wrong whatsoever against Verigood. Pinnacle specifically denies that it has violated any federal, state, or local law (statutory or decisional), ordinance or regulation, or committed any wrong whatsoever against Verigood;

Initialed By James Verigood: /JV/

Page 1 of 11

WHEREAS, Verigood and Pinnacle have agreed to resolve all disputes between them by entering this General Release and Agreement;

WHEREAS, Pinnacle and Verigood desire to settle fully and finally all differences that Verigood could assert against Pinnacle, including, but not limited to, those differences that were or could have been asserted arising out of his employment relationship; and,

WHEREAS, this Agreement is contingent upon approval by the Court of this Agreement, and entry of a Dismissal with Prejudice by the Court.

NOW, THEREFORE, in consideration of the special monetary consideration and the mutual promises contained herein, Pinnacle and Verigood agree as follows:

1. Payment. Pinnacle agrees to make payment to Verigood and his counsel in the total sum of Seventeen Thousand and Five Hundred Dollars ($17,500.00). The payment shall be made in three (3) checks. The first check shall be made payable to Verigood for alleged overtime in the gross amount of Five Thousand Dollars ($5,000.00) which will be subject to total standard deductions, for which Pinnacle will issue Verigood an IRS W2 form. The second check shall be made payable to Verigood in the amount of Five Thousand Dollars ($5,000.00) for alleged liquidated damages, for which Pinnacle will issue an IRS Form 1099 to Verigood. The third check shall be made payable to Barrett & Farahany, LLC, in the amount of Seven Thousand and Five Hundred Dollars ($7,500.00) for attorneys' fees and costs. Verigood and his attorneys shall have sole responsibility for the allocation of the payments amongst themselves and Pinnacle shall have no liability or responsibility whatsoever for any allocation of the payments. The payments are contingent on Verigood and his counsel providing fully executed IRS W-9 forms.

Initialed By James Verigood: _JV_

The parties agree that these payments will not be made until this Agreement is approved by the Court. Once the Agreement is approved by the Court, the payments will be made within ten (10) business days after the date of the Court's Order approving this Agreement.

The payments described above is in full satisfaction of all claims of Verigood, asserted or unasserted, against Pinnacle, and is consideration to which Verigood is not otherwise entitled. Verigood and his attorneys shall have sole responsibility for the allocation, if any, of the payments among themselves, and Pinnacle shall have no liability or responsibility whatsoever for any allocation of the payments. Verigood agrees to be responsible for payment of any and all taxes owed in connection with the payments described in the above paragraphs, and to indemnify and hold Pinnacle harmless from all tax liabilities or penalties that may arise from this payment. Verigood acknowledges and agrees that he will indemnify and hold harmless Pinnacle in the event that any federal, state, or local taxing authority asserts against Pinnacle any claim for unpaid taxes, failure to withhold taxes, penalties, or interest based upon the above settlement payment. Verigood has not in any way relied upon Pinnacle as to any legal or tax advice as to the allocation or taxability of the settlement payments. Instead, Verigood has relied entirely on the advice of his own tax advisor(s).

2. <u>No Admissions</u>. This Agreement shall not be construed as an admission by Pinnacle or by any of Pinnacle's current or former officers, employees, predecessor companies, or agents of a violation of any federal, state, or local statute, regulation or other law, or of a violation of any right of Verigood, or of any other person. Pinnacle specifically disclaims any liability to Verigood.

3. <u>Verigood's Release of Claims</u>. In exchange for the consideration identified in paragraph 1 above, Verigood irrevocably and unconditionally releases and forever discharges Pinnacle, Rod

Initialed By James Verigood: _JV_

Meyer, Sharon Meyer, and any affiliated, related, or predecessor or successor corporation, their benefit plans and programs, and all of their present and former agents, directors, officers, employees, owners, representatives, insurers, administrators, trustees and attorneys (hereinafter jointly and severally referred to as the "Releasee"), or any of them, to the full extent permitted by law, from any and all losses, expenses, liabilities, claims, rights and entitlements of every kind and description (hereinafter collectively referred to as "Claims"), whether known or unknown, that he has now or may later claim to have had against Releasee arising out of anything that has occurred up through the date he signs this Agreement, including, without limitation, any Claims arising out of Verigood's relationship or termination of relationship with Pinnacle. This release includes, but is not limited to, any Claims that could have been asserted at any time, for bonuses or vacation pay owed, back pay, severance pay, reinstatement, personal injuries, breach of contract (express or implied), breach of any covenant of good faith and fair dealing (express or implied), violation of public policy, common law, or constitutional law, or for recovery of any losses or other damages to Verigood or property based on any alleged violation of local, state, or federal law, including, for example, but not limited to: Fair Labor Standards Act codified at § 29 U.S.C. § 201 et seq.; O.C.G.A. § 23-3-122 et seq.; 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (prohibiting discrimination on account of race, sex, color, national origin or religion); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (prohibiting discrimination on account of disabilities); the Uniformed Services Employment and Reemployment Rights Act of 1994, 28 U.S.C. § 4301 et seq.; the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (prohibiting discrimination on account of age); the Employee Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; the Worker Adjustment and

Initialed By James Verigood: _____

Retraining Notification Act, 29 U.S.C. § 2101 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; the Georgia Equal Employment for Persons with Disabilities Code, Ga. Code Ann. § 34-6A-1 et seq.; the Georgia Sex Discrimination in Employment Law, Ga. Code Ann. § 34-5-1 et seq.; the City of Atlanta Fair Private Employment Ordinance, Atlanta, Ga., Code of Ordinances § 94-110 et seq.; including all claims for back pay, front pay, reinstatement, compensatory damages, punitive damages, liquidated damages, interests, costs, expenses, and/or attorneys' fees, and any other Claims under federal, state, or local statutory or common law.

    4. <u>Unknown Claims of Verigood</u>. Verigood acknowledges that he may have sustained or may yet sustain damages, costs, or expenses that are presently unknown and that relate to Claims between Verigood and the Releasee. Verigood expressly waives and relinquishes all rights and benefits which he may have under any state or federal statute or common law principle that would otherwise limit the effect of this Agreement to Claims known or suspected prior to the date he signs this Agreement and does so understanding and acknowledging the significance and consequences of such specific waiver. Thus, for purposes of implementing a full and complete release and discharge of the Releasee, Verigood expressly acknowledges that this Agreement is intended to include in its effect, without limitation, all Claims which he does not know or suspect to exist in his favor at the time of execution hereof and that this Agreement contemplates the extinguishment of any such Claim or Claims. This release does not, however, waive claims arising from events occurring after Verigood signs this Agreement.

    5. <u>Confirmation by Verigood</u>. By entering this Agreement, Verigood agrees that Pinnacle has paid him for all hours worked, all salary or wages, commissions, bonuses, overtime, and any other form of compensation that he is entitled to arising out of his relationship with Pinnacle.

Initialed By James Verigood: _____

Verigood further agrees that by entering this agreement he has received all wages, overtime, interest, liquidated damages, costs and attorneys' fees to which he might be entitled under the FLSA. Verigood further agrees that he will not accept any such future payments as may be determined by any administrative agency or court, and if he receives such payments he will immediately return the payments to Pinnacle.

6. Covenant Not To Sue/No Other Complaints or Charges. Verigood agrees, to the fullest extent permitted by law, not to commence, maintain, prosecute or participate in any action or proceeding in any court or agency against Pinnacle and the Releasee with respect to any act, omission, transaction or occurrence up to and including the date of Verigood's execution of this Agreement. Verigood warrants and represents that, other than the Lawsuit, no such action or proceeding with any court or agency has been commenced or is currently pending except for the Lawsuit, and acknowledges and agrees that any such action or proceeding would be released pursuant to this Agreement. Verigood agrees that he will not hereafter file, pursue, or participate in any claims, grievances, complaints, charges, or lawsuits alleging a violation of law by the Releasee based on anything that has occurred up to the present date, including any complaint filed on behalf of himself or others. Verigood further agrees, to the fullest extent permitted by law, not to instigate, encourage, assist or participate in an action or proceeding commenced by anyone else against Pinnacle or any other Releasee. Verigood further agrees and acknowledges that should any complaint, charge, or lawsuit be filed against the Releasee or any other person or entity with any court or agency, Verigood will have no right to recover damages or obtain relief of any kind based on anything that has occurred up to the present date. Verigood agrees that he will not seek or accept any award or settlement from any source or proceeding with respect to any claim or right

Initialed By James Verigood: _____

covered by this Agreement. If Verigood receives any such monetary relief, he will immediately return the payments to Pinnacle. Verigood further acknowledges that this covenant not to sue is a material consideration for Pinnacle entering into this Agreement. Verigood understands that if he breaches this covenant not to sue provision, Pinnacle will be entitled to damages for each breach, including costs and attorneys' fees.

7. <u>Material Breaches by Verigood</u>. Any breach by Verigood of the provisions of paragraphs 5 or 6 above shall be considered a material breach of this Agreement for which Pinnacle shall be entitled to seek all damages, plus reasonable costs and attorneys' fees incurred in connection with such breach (unless such recovery is prohibited by law).

8. <u>No Future Relationship</u>. Verigood agrees he will not apply for or otherwise seek an independent contractor or employment position with Pinnacle and any affiliated, related, successor corporation of Pinnacle, or any other corporations or legal entities in which the owners of Pinnacle maintain an ownership interest. Verigood further understands and agrees that Pinnacle and any affiliated, related, or successor corporation of Pinnacle, or any other corporations in which the owners of Pinnacle maintain an ownership interest, will not rehire or retain him in the future.

9. <u>Non-Disparagement</u>. Verigood agrees that he will not disparage or impugn Pinnacle, Rod Meyer, Sharon Meyer, and Releasee at any time to any person.

10. <u>Non-Assignability of Claims</u>. Verigood represents and warrants that he has not assigned to any other person, and that no such person is entitled to assert on his behalf, any Claims based on or arising out of his relationship with Pinnacle. Verigood agrees to indemnify and hold harmless the Releasee from and against any such claim or claims that are asserted to recover for any alleged violation of law against Verigood. Verigood specifically does hereby indemnify and

Initialed By James Verigood: ____

hold harmless Releasee from any claim by any attorneys for attorneys' fees, expenses, or costs arising in connection with any matters related to his allegations or claims against any of the Releasee, the claims, causes of action, rights, and/or Lawsuits released as part of this Agreement, any other matters encompassed by this Agreement, or the negotiation, drafting, and/or execution of this Agreement.

11. <u>Entire Agreement</u>. Verigood affirms that the only consideration for him signing this Agreement is the promises stated herein; that no other promise, representation, or agreement of any kind has been made to or with him by any person to cause him to sign this Agreement; and that he fully understands the meaning of this instrument. This document contains the entire agreement between Verigood and Pinnacle and fully supersedes any and all prior agreements or understandings between them pertaining to the subject matter hereof, and the terms of this document are contractual and not a mere recital.

12. <u>Modification</u>. No provision of this Agreement may be changed, altered, modified, or waived, except in writing and signed by Verigood and Pinnacle, which writing shall specifically reference this Agreement and the provisions which the parties intend to waive or modify.

13. <u>Consideration</u>. Verigood acknowledges that he has been advised to seek the advice of an attorney and has been given a reasonable opportunity to consider it. Verigood acknowledges he has obtained all advice and counsel he needs to understand each of the terms and conditions of this Agreement.

14. <u>Binding Effect</u>. This Agreement will be binding upon the parties hereto and upon his next of kin, heirs, administrators, representatives, executors, successors, and assigns, and will inure

Initialed By James Verigood: /H/

to the benefit of Pinnacle and the Releasee, and each of them, and to his next of kin, heirs, administrators, representatives, successors, and assigns.

Initialed By James Verigood: ____

15. <u>Governing Law and Enforcement</u>. This Agreement is made and entered into in the State of Georgia and will be interpreted, enforced, and governed under the laws of Georgia. The language of all parts of this Agreement will in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

16. <u>Venue and Jurisdiction</u>: Any dispute arising under this Agreement shall be filed in the Superior Court of Gwinnett County, Georgia or the United States District Court for the Northern District of Georgia, Atlanta Division. Verigood agrees and consents to the exclusive venue and personal jurisdiction in these forums.

17. <u>Severability</u>. Should any provision of this Agreement be declared or be determined by any court or arbitrator to be illegal or invalid, the validity of the remaining parts, terms, or provisions will not be affected, and the illegal or invalid part, term, or provision will be deemed not to be a part of this Agreement.

18. <u>Execution in Counterparts</u>. The Parties agree that this Agreement may be executed in counterparts, each of which shall be deemed to constitute an executed original, even though not all signatures may appear on the same counterpart. The Parties agree that signed facsimiles or electronic copies have the same force and effect as originals.

19. <u>Acknowledgements By Verigood</u>. Verigood acknowledges that:

HE HAS READ THIS AGREEMENT, AND HE UNDERSTANDS ITS TERMS AND CONDITIONS;

HE HAS HAD THE OPPORTUNITY TO OBTAIN ALL ADVICE AND INFORMATION HE DEEMS NECESSARY ABOUT MATTERS RELATING TO THIS AGREEMENT;

Initialed By James Verigood: _JV_

HE HAS NOT BEEN COERCED INTO SIGNING THIS AGREEMENT, AND HE VOLUNTARILY AGREES TO ABIDE BY ITS TERMS BECAUSE THEY ARE SATISFACTORY TO HIM;

NO PROMISE OR INDUCEMENT OF ANY KIND HAS BEEN MADE TO HIM BY PINNACLE OR ANYONE ELSE TO CAUSE HIM TO SIGN THIS AGREEMENT, EXCEPT AS SET FORTH ABOVE; AND,

THE PAYMENTS THAT HE WILL RECEIVE AS A RESULT OF SIGNING THIS AGREEMENT IS ADEQUATE AND IS THE ONLY CONSIDERATION FOR THIS AGREEMENT.

JAMES VERIGOOD
Date: 3 Apr 2018

Subscribed and sworn to before me this 3 day of April
and notarized by me on said date.

NOTARY PUBLIC
My Commission Expires: May 08, 2021

ROD MEYER - PRESIDENT
ON BEHALF OF PINNACLE X-RAY SOLUTIONS, INC.
Date: 4-4-18

Initialed By James Verigood: JV